# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 06-1229

LESTER EDWARDS

VERSUS

PROCTER & GAMBLE MANUFACTURING

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 05-06471
HONORABLE JAMES L. BRADDOCK, WORKERS'
COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Michael G. Sullivan, Judges.

AFFIRMED.

Chris Smith, III
The Smith Law Firm
P. O. Drawer 1528
Leesville, LA 71496-1528
Telephone: (337) 239-2244
COUNSEL FOR:
    Plaintiff/Appellant - Lester Edwards

Mark Louis Riley
Onebane Law Firm
P. O. Box 3507
Lafayette, LA 70502-3507
Telephone: (337) 237-2660
COUNSEL FOR:
    Defendant/Appellee - Procter & Gamble Manufacturing

**THIBODEAUX, Chief Judge.**

Plaintiff-appellant, Lester Edwards (Edwards), appeals the involuntary dismissal of his claim for total permanent disability benefits upon the motion of defendant-appellee, Procter & Gamble Manufacturing Company (Procter & Gamble). This occurred at the end of the presentation of Edwards's evidence during the trial of his claim. Edwards seeks a reversal of the ruling, asserting that he established by clear and convincing evidence that he was totally and permanently disabled and that the workers' compensation judge failed to determine the facts prior to rendering judgment against him, as required by La.Code. Civ.P. art. 1672(B). We find no error in the judgment of the Office of Workers' Compensation and affirm the ruling, dismissing Edwards's claim.

## I.

## ISSUE

Did the claimant, seeking permanent total disability benefits, meet the burden of proof necessary to defeat a La.Code Civ.P. art. 1672(B) motion for involuntary dismissal?

## II.

## FACTUAL BACKGROUND

Lester Edwards, at the age of 57, suffered an on-the-job, lumbosacral injury while moving a heavy object with a co-worker on October 31, 1994. Specifically, he was found to have a central disc bulge at L4-5, which was causing stenosis. Due to the injury, he began receiving supplemental earnings benefits (SEB) in the amount of $323.00 per week from his statutory employer, Procter & Gamble.

The back injury was treated for approximately one year by a neurosurgeon, Dr. Babson Fresh (Dr. Fresh), until Edwards was deemed to have

reached maximum medical improvement. At the time of his November 1995 discharge from regular treatment, Dr. Fresh reported that Edwards's functional capacity evaluation established that he was capable of performing light-duty work. This restriction, he noted, was well below the current demands of Mr. Edwards's last job as a pipe fitter, and it was recommended that Edwards undergo vocational training.

In March 1997, while still unemployed and receiving SEB payments, Edwards suffered a stroke that left him with weakness on the left side of his body, as well as memory and cognitive problems. Edwards continued to receive SEB payments until October 31, 2004. Because he had reached the maximum period of time allowed by law—520 weeks (ten years)—for receipt of the payments, the benefits were terminated. Once the SEB payments were terminated, Edwards sought reinstatement of indemnity benefits; however, this time, he sought permanent total disability benefits, pursuant to La.R.S. 23:1221(2) of the workers' compensation statute.

A trial on the issue of his entitlement to these benefits was held. Edwards's case-in-chief consisted of his testimony, his wife's (Mrs. Edwards) testimony, the medical records of Dr. Fresh, and the records of his treatment after the stroke at the Brian Clinic by family doctors, Francis Brian and Greg Brian, from March 1997 to December 2005. After this evidence was presented, Procter & Gamble then moved for the dismissal of Edwards's claim, arguing that Edwards failed to establish by clear and convincing evidence his inability to perform any work, as required by La.R.S. 23:1221(2)(c). Procter & Gamble also stated that Edwards failed to establish that the stroke, and its effects, were employment-related injuries or conditions for which Procter & Gamble should be held responsible under the

workers' compensation law. The workers' compensation judge granted the motion, agreeing that Edwards had failed to meet his burden of proof.

Edwards appealed, claiming that the workers' compensation judge erroneously and prematurely ended the trial. He contends that he established by clear and convincing evidence that he is physically unable to work. He also contends that the workers' compensation judge failed to determine the facts as required by La.Code Civ.P. art 1672(B), prior to concluding that he had not established a right to the benefits sought. Edwards claims that the evidence presented was sufficient to shift the burden to the defendant and, therefore, the dismissal of his action was improper. We disagree and find no error in the workers' compensation judge's judgment which granted the motion to dismiss.

III.

**LAW AND ARGUMENT**

The evidence clearly supports the workers' compensation judge's determination that Edwards did not meet the burden of proof for establishing his entitlement to total permanent disability benefits. The workers' compensation statute provides for permanent total disability compensation for an injured worker if the following standard is met:

> (c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by *clear and convincing evidence*, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to, any and all odd-lot employment, sheltered employment, or employment while

3

working in any pain, notwithstanding the location or availability of any such employment or self-employment.

La.R.S. 23:1221(2)(c) (emphasis added).

In this case, Edwards established that he suffered a lumbar spine injury in early 1994 and that he was treated, without surgical intervention, by Dr. Fresh for that injury until discharged from his care in late 1995. He further established through Dr. Fresh's medical records that at the time of his release, he was deemed to have reached a stage of maximum medical improvement and was capable of performing light-duty work. Nevertheless, he testified that prior to his impending stroke, he had not returned to the workforce.

The medical records introduced during the trial by Edwards showed that the stroke occurred in March 1997, leaving him with residual physical and mental injuries. He, along with his wife, offered testimony regarding his mobility limitations, pain, and daily lifestyle limitations suffered after the back injury as well as after the subsequent stroke. Edwards did not present any evidence that would indicate a connection between his prior work-related accident and the stroke.

None of this constitutes clear and convincing evidence of the occurrence of a work-related injury that precludes Edwards from engaging in any type of employment. La.R.S. 23:1221(2); *see also*, *Miller v. Roger Miller Sand, Inc.*, 94-1151 (La. 11/30/94), 646 So.2d 330. This evidence, instead, shows that upon release from treatment for the work-related back injury, he was capable of working, albeit, at a reduced physical capacity. Consequently, he was entitled to SEB payments and has exhausted his entitlement to those benefits. *See* La.R.S.. 23:1221(3).[1] Although the evidence also clearly showed that Edwards later suffered a stroke that resulted in

---

[1] Supplemental earnings benefits are paid for injury resulting in an employee's inability to earn wages equal to ninety percent or more of wages at the time of injury, and are legislatively limited to a maximum of 520 weeks. Prior to his back injury, Edwards was employed as a pipe fitter/welder, earning $15.25 per hour.

increased disability, he failed to establish a causal link between the stroke and the work-related accident. Based on this lack of proof, Procter & Gamble could not be required to pay for the increased disability caused by the non-work-related stroke. *Miller,* 646 So.2d 330.

Moreover, we find no error in the workers' compensation judge's consideration of Procter & Gamble's motion for involuntary dismissal. Article 1672(B) of the Code of Civil Procedure provides that during the bench trial of a matter, the opposing party may move for a dismissal of an action on the ground that, upon the facts and the law, the plaintiff has failed to show any right to the relief sought. The court may, at that point, "determine the facts and render judgment against the plaintiff" or decline to render judgment until the close of all evidence. La.Code Civ.P. art. 1672(B). In this instance, the workers' compensation judge orally determined that based upon the evidence presented, as was earlier noted, there had only been a showing by Edwards that as of 1994, he was capable of light-duty work, that he was at MMI status for his low back problem, and that vocational training was recommended. Despite the testimony offered by Edwards and his wife as to the physical limitations suffered because of continued low back pain over the years, the workers' compensation judge correctly noted the insufficiency of these facts to support a claim for total permanent disability benefits. *See* La.R.S. 23:1221(2). The record supports this proper determination of Procter & Gamble's motion for involuntary dismissal. Accordingly, we find Mr. Edwards's argument unpersuasive.

IV.

**CONCLUSION**

The judgment of the Office of Workers' Compensation, dismissing the claim for total permanent disability benefits of Lester Edwards, is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Lester Edwards.

**AFFIRMED.**

5